By the Coubt.—Sedgwick, J.
The motion below was heard upon the pleadings, an affidavit on the part of defendant “ that the trial of the issues in this action will require the examination of a long account on the part of the defendants, to wit, the accounts kept by the said plaintiff with the defendant and with the Mechanics’ Bank of the city of Yew York for a number of years past, consisting of numerous items of charges, both' debits and credits, for deposits made and checks drawn by the said plaintiff from time to time, in the course of an ordinary bank account kept by the plaintiff with the said defendant,” and an affidavit on the part of plaintiff, that “ it is not the fact that an examination of a levy or any account is necessary in the trial of this issue. The suit is to recover interest on a balance of six thousand seven hundred and fifty-seven dollars and ninety-five cents, on June 9, 1865, received by the defendants . . to the credit of the plaintiff, which the defendants subsequently by their acts and declarations denied that they had, and which they re *210 fused to pay on the checks of the plaintiff. The balance is admitted. The account upon which the balance arises is not in contest, and the whole question is of the liability of the bank for the interest.”
The complaint alleged that the plaintiff had on deposit with The Mechanics’ Bank of the city of Yew York six thousand seven hundred and fifty-seven dollars and five cents, to be drawn upon by plaintiff’s checks ; that about December 22, 1863, plaintiff left his pass-book with that bank to be written up; that such bank delivered on June 9, 1865, said money to the defendants to plaintiff’s credit on deposit, and also said pass-book after it had been written up ; that the defendants kept and concealed said book from plaintiff; that plaintiff had no means except from the defendants of ascertaining the state of his account with them or the amount they had received from the Mechanics’ Bank ; that on June 6, 1867, plaintiff called on the defendants and requested to be informed of the balance remaining to his credit, and asked for another pass-book, and that the defendants should enter therein such balance ; that the defendants delivered a pass-book to plaintiff, in which was entered to his credit eighty-one cents; but, in fact, the said sum of six thousand seven hundred and fifty-seven dollars and five cents was then to his credit; that the plaintiff had from time to time drawn checks upon his account, between June 9, 1965, and the commencement of the action, which the defendants refused to pay, for an alleged want of funds, although such checks were of a less amount than the last named sum, which was to his credit, at the time such checks were presented ; that the plaintiff, by reason of such refusal of defendants, and his reliance upon their statement in the pass-book, that there was only eighty-one cents to his credit, permitted the said sum of six thousand seven hundred and fifty-seven dollars- and five cents, to remain with the defendants, *211 and the defendants procured the same to remain with them, until about February 9, 1872, when the plaintiff discovered his mistake; that on the last named day the plaintiff drew the sum of six thousand seven hundred and fifty-seven dollars and five cents, and demanded interest on that sum from June 9, 1865, to February 9, 1872, amounting to three thousand one hundred and seventy-nine dollars and twenty-five cents, which the defendants refused to pay, and demanded judgment for this amount.
The answer alleged that the plaintiff kept two accounts in the Mechanics’ Bank, one being called the old account and the other, the new account, and separate pass-books for them ; that December 22, 1863, the pass-book of the old account was written up and the plaintiff was credited therein with the sum of six thousand seven hundred and fifty-seven dollars and five cents, and that on November 16, 1864, the pass-book of the new account was written up and the plaintiff credited therein with eighty-one cents ; that both of said books were, within a short time after said dates, returned to the plaintiff; that those balances were the same when the defendant took the accounts in the place of the Mechanics’ Bank, and the defendants, after June 9, 1867, continued said two accounts, keeping them separately ; that at different times the new account was balanced and the proper accounts entered in the pass-book for the new account, and on June 19, 1872, plaintiff closed the account by drawing out three thousand two hundred and four dollars and sixty-two cents, the balance at that time of the new account; that the balance of six thousand seven hundred and fifty-seven dollars and five cents- to the credit of the old account, remained not drawn upon until February 29, 1872, when the plaintiff drew a check for six thousand seven hundred and thirty-seven dollars and five cents, which was paid, leaving twenty dollars to his *212 credit; that the defendants were always ready to and did inform truly, the plaintiff of the state of his accounts, and did meet and pay on presentment all checks ' or orders made by plaintiff upon his accounts with them, and in all respects fulfilled their obligation to ' him, and defendants, denying that they are liable for the interest on the balance of six thousand seven hundred and fifty-seven dollars and five cents, demand judgment that complaint be dismissed. .
If it appear that on the motion there was any evidence that the trial of the issues required the examination of a long account on either side, the finding of the special term, that such would be required, and which finding is involved in the making the order, is conclusive (Welsh v. Darragh, 52 N. Y. 592; Kain v. Delano, 11 Abb. Pr. N. Y. 29). If any account has to be examined, the conclusion that it is to be deemed long will not be disturbed.
Wé can, I think, come to a satisfactory determination, without passing upon whether the alleged account must relate directly to the issues,—i. e., that upon its being established as true, it,> of itself, determines the issues or a part of them, or throws the onus of proof upon the opposite party, or whether, as contrasted with this, it is enough that as' an account it is collateral to the issues ; if it is to be examined as an account on the trial, or whether it must be the record of mutual dealings, or whether, on the other hand, it may only comprise a number of items,- simply charges or statements of indebtedness which it is unlikely, if not impossible that a jury can all carry in their memories until the case is ended, or whether it may be the aggregate of items, each one of which is a statement of an amount. due, and of a single cause of action, and which a jury might satisfactorily hear and determine. In all these instances, the characteristic of them, as evidence, which makes it expedient to send them to a referee is, *213 that sums have to be remembered figure for figure, and these sums have to be added, perhaps subtractions have to be made and calculations of interest on various sums from various dates. In considering statements of figures as evidence, if you take away the necessity of combining them or of remembering the exact amounts, such statements will not be examined on the trial as accounts. The statements will contain an assertion of many single circumstances, which incidentally exist within the form of an account and stated' in figures. On an issue in ejectment, where one side desired to prove that the other, in possession, was his tenant, a long account might be examined consisting of many items of rent paid, in the handwriting of the tenant; yet it would not be deemed that it was examined as an account.
In one view of this case, so far as the pleadings go, the plaintiff’s right to have interest would depend upon whether the defendants refused to pay checks when there were funds, and if these were frequently refused, it might have been maintained that a long account would be examined, But it is unnecessary to pass on this, as it has not been presented by counsel, because the defendants’ position is that there were no such, refusals.
As I understand the case, the plaintiff, in order to present the question of law as to the defendants’ liability for interest, proposes to prove that the plaintiff had a deposit of six thousand seven hundred and fifty-seven dollars and five cents. The answer admits he had. The plaintiff further proposes to prove that he drew on that and demanded its payment, which defendants refused. The answer denies that he ever did draw on it down to February 29, 1872, and impliedly asserts that all checks drawn between June 9, 1867, and February 29, 1872, were drawn upon another account, called tlie new account. Bow whether this was the case or not, *214 the fact on which account checks were drawn cannot depend upon the particulars and characters of the new account, whatever it was. He might or might not. have drawn upon it, according to the fact extrinsic of the account.
The complaint puts the right to interest on another set of facts, which were in substance, that the defendant, by actionable neglect or misconduct, concealed from plaintiff or kept from his knowledge that he had the six thousand seven hundred and fifty-seven dollars and five cents to his credit. This is denied. I do not think that anything contained in either of the accounts as such, in the pass-book or on the bank’s books, can prove or disprove, that the bank kept information from the plaintiff, tinless the defendant proved that some book which the plaintiff saw, had in it the balance in contest. The defendants do not put in issue, anything which will change the admitted balance on the old account and on which interest is demanded. Virtually for the purpose of the action that consists of but one item.
. On either branch of the case, when it comes to a contract, on the issues, as they present themselves to me, it may be that the defendants will have to produce both accounts, in the books of the bank or in the passbooks, but on the pleadings, it would be immaterial to the defendants to verify each or any of the items which compose them.
The order appealed from should be reversed, with costs.
Van Vorst and Speir, JJ., concurred.